# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JERMAINE JACOB WASHINGTON, )
)
    Plaintiff, )
)
v. ) Case No. CV410-122
)
OFFICER N. GIBBONS, CPL. )
WALDEN, and PVT. SMALLS, )
)
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Jermaine Jacob Washington, who is currently detained in the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 complaint along with a motion to proceed in forma pauperis ("IFP"). (Docs. 1 & 2.) Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision, so his complaint should be **DISMISSED** without prejudice.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C. § 1915. In order to proceed IFP, however, serial-filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court. He has clearly exceeded the "three strikes" permitted by § 1915(g). *See Washington v. St. Lawrence*, No. CV410-004 (S.D. Ga. Apr. 15, 2010) (dismissed for lying under penalty of perjury about the existence of a prior lawsuit[1]); *Washington v. St. Lawrence*, No. CV409-181 (S.D. Ga. Feb. 24, 2010) (dismissed as duplicative[2]); *Washington v. St. Lawrence*, No. CV499-276 (S.D. Ga. June 8, 2000) (dismissed for failure to state a claim); *Washington v. Blount*, No. CV195-2126 (N.D. Ga. Sept. 25, 1995) (dismissed as frivolous or malicious). Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

---

[1] In *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." *Id.* at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id.*

[2] "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *see Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) ("'Malicious' in this [§ 1915(g)] context is sometimes treated as a synonym for 'frivolous,' . . . but we think it is more usefully construed as intended to harass."); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (acknowledging that repetitive litigation supports dismissal for maliciousness).

In order to fit within the "imminent danger" exception, Washington must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Here, Washington complains that the defendants were deliberately indifferent to his medical needs by failing to call "a code" for medical attention while he was experiencing an asthma attack. (Doc. 1 at 5-9.) While he may experience an asthma attack again over the course of his incarceration, he has not alleged that the defendants are doing anything that will cause further asthma-related distress or that he has not received appropriate treatment in the interim. Hence, he has not alleged that he is in "imminent danger" of physical injury.

For all of the reasons explained above, Jermaine Washington's complaint (doc. 1) should be **DISMISSED** without prejudice. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this  18th  day of May, 2010.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA